# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
## CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

**1. SEE NOTICE ON REVERSE**      **2. PLEASE TYPE OR PRINT**      **3. STAPLE ALL ADDITIONAL PAGES**

| Case Caption: | District Court or Agency: | Judge: |
|---|---|---|
| Ramon Dejesus Cedeno,  Plaintiff - Appellee,  v.  Ryan Sasson, Argent Trust Company, Daniel Blumkin, Ian Behar, Strategic Financial Solutions, LLC, Duke Enterprises LLC, Twist Financial LLC, Blaise Investments LLC,  Defendants - Appellants, | S.D.N.Y. | Honorable John G. Koeltl |

Date the Order or Judgment Appealed from was Entered on the Docket: 11/2/2021

District Court Docket No.: 1:20-cv-09987-JGK

Date the Notice of Appeal was Filed: 11/19/21; Amended 11/24/21

Is this a Cross Appeal? ☐ Yes  ☑ No

| Attorney(s) for Appellant(s): ☐ Plaintiff ☑ Defendant | Counsel's Name: See Addendum "C" | Address: | Telephone No.: | Fax No.: | E-mail: |
|---|---|---|---|---|---|

| Attorney(s) for Appellee(s): ☑ Plaintiff ☐ Defendant | Counsel's Name: See Addendum "C" | Address: | Telephone No.: | Fax No.: | E-mail: |
|---|---|---|---|---|---|

| Has Transcript Been Prepared? Yes | Approx. Number of Transcript Pages: 40 pages | Number of Exhibits Appended to Transcript: None | Has this matter been before this Circuit previously? ☐ Yes  ☑ No  If Yes, provide the following:  Case Name:  2d Cir. Docket No.:   Reporter Citation: (i.e., F.3d or Fed. App.) |
|---|---|---|---|

**ADDENDUM "A":** COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.

**ADDENDUM "B":** COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.

### PART A: JURISDICTION

| 1. Federal Jurisdiction | 2. Appellate Jurisdiction |
|---|---|
| ☐ U.S. a party  ☑ Federal question (U.S. not a party) | ☐ Diversity  ☐ Other (specify): _____ |
| | ☐ Final Decision  ☑ Interlocutory Decision Appealable As of Right | ☐ Order Certified by District Judge (i.e., Fed . R. Civ. P. 54(b))  ☐ Other (specify): _____ |

**IMPORTANT. COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.**

| **PART B: DISTRICT COURT DISPOSITION** (Check as many as apply) | | |
|---|---|---|

| 1. Stage of Proceedings | 2. Type of Judgment/Order Appealed | 3. Relief |
|---|---|---|
| ☑ Pre-trial<br>☐ During trial<br>☐ After trial | ☐ Default judgment<br>☐ Dismissal/FRCP 12(b)(1)<br>　lack of subject matter juris.<br>☐ Dismissal/FRCP 12(b)(6)<br>　failure to state a claim<br>☐ Dismissal/28 U.S.C. § 1915(e)(2)<br>　frivolous complaint<br>☐ Dismissal/28 U.S.C. § 1915(e)(2)<br>　other dismissal<br><br>☐ Dismissal/other jurisdiction<br>☐ Dismissal/merit<br>☐ Judgment / Decision of the Court<br>☐ Summary judgment<br>☐ Declaratory judgment<br>☐ Jury verdict<br>☐ Judgment NOV<br>☐ Directed verdict<br>☑ Other (specify):<br>　Denying motion to compel<br>　arbitration | ☐ Damages:　　☐ Injunctions:<br><br>☐ Sought: $ _____　☐ Preliminary<br>☐ Granted: $ _____　☐ Permanent<br>☑ Denied: $ _____　☐ Denied |

| **PART C: NATURE OF SUIT** (Check as many as apply) | | | |
|---|---|---|---|

| 1. Federal Statutes | 2. Torts | 3. Contracts | 4. Prisoner Petitions |
|---|---|---|---|
| ☐ Antitrust　　☐ Communications<br>☐ Bankruptcy　☐ Consumer Protection<br>☐ Banks/Banking　☐ Copyright ☐ Patent<br>☐ Civil Rights　☐ Trademark<br>☐ Commerce　☐ Election<br>☐ Energy　　☐ Soc. Security<br>☐ Commodities　☐ Environmental<br>☑ Other (specify): ERISA class action<br><br>☐ Communications<br>☐ Consumer Protection<br>☐ Copyright ☐ Patent<br>☐ Trademark<br>☐ Election<br>☐ Soc. Security<br>☐ Environmental<br>☐ Freedom of Information Act<br>☐ Immigration<br>☐ Labor<br>☐ OSHA<br>☐ Securities<br>☐ Tax | ☐ Admiralty/<br>　Maritime<br>☐ Assault /<br>　Defamation<br>☐ FELA<br>☐ Products Liability<br>☐ Other (Specify): | ☐ Admiralty/<br>　Maritime<br>☐ Arbitration<br>☐ Commercial<br>☐ Employment<br>☐ Insurance<br>☐ Negotiable<br>　Instruments<br>☐ Other Specify | ☐ Civil Rights<br>☐ Habeas Corpus<br>☐ Mandamus<br>☐ Parole<br>☐ Vacate Sentence<br>☐ Other |

| 5. Other | 6. General | 7. Will appeal raise constitutional issue(s)? |
|---|---|---|
| ☐ Hague Int'l Child Custody Conv.<br>☐ Forfeiture/Penalty<br>☐ Real Property<br>☐ Treaty (specify): _____<br>☐ Other (specify): _____ | ☑ Arbitration<br>☐ Attorney Disqualification<br>☑ Class Action<br>☐ Counsel Fees<br>☐ Shareholder Derivative<br>☐ Transfer | ☐ Yes　　☑ No<br><br>Will appeal raise a matter of first impression?<br><br>☑ Yes　　☐ No |

---

1. Is any matter relative to this appeal still pending below? ☐ Yes, specify: _____　☑ No

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:

　(A)　Arises from substantially the same case or controversy as this appeal?　☐ Yes　☑ No

　(B)　Involves an issue that is substantially similar or related to an issue in this appeal?　☑ Yes　☐ No

If yes, state whether ☐ "A," or ☒ "B," or ☐ both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name:<br>Harrison v. Envision Mgmt. Holding, Inc. Bd. of Dirs. | Docket No.<br>1:21-cv-00304 | Citation:<br>N/A | Court or Agency:<br>D. Colo. |
|---|---|---|---|
| Name of Appellant: N/A | | | |

| Date: 12/3/2021 | Signature of Counsel of Record: /s/ Jeremy P. Blumenfeld |
|---|---|

## NOTICE TO COUNSEL

**Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:**

1. Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.
2. File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.
3. Pay the $505 docketing fee to the United States District Court or the $500 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

**PLEASE NOTE: IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.** *SEE* LOCAL RULE 12.1.

FORM C (Rev. December 2016)

**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

**CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)**

**ADDENDUM "A"**

1. **NATURE OF THE ACTION**

    This is a putative class action pending in the United States District Court for the Southern District of New York, against Argent Trust Company, Ryan Sasson, Daniel Blumkin, Ian Behar, Duke Enterprises LLC, Twist Financial LLC, Blaise Investments LLC, and Strategic Financial Solutions, LLC (collectively, "Defendants"). Defendants appeal from the District Court's Memorandum Opinion and Order dated November 2, 2021, denying Defendants' motion to compel arbitration. Dkt. No. 72.

    Plaintiff Ramon Dejesus Cedeno ("Plaintiff") was a participant in the Strategic employee stock ownership plan (the "Plan"). On November 30, 2020, Plaintiff filed a Complaint alleging that Defendants are liable for various violations of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). Dkt. No. 17. Because the Plan has a provision requiring claimants to submit any claims related to the Plan to mandatory, binding arbitration, on March 5, 2021, Defendants filed a motion to compel arbitration of Plaintiff's claims. Dkt. No. 59.

2. **THE RESULT BELOW**

    On October 26, 2021, the Honorable John G. Koeltl heard oral arguments regarding the relief sought in the Motion to Compel Arbitration. On November 2, 2021, Judge Koeltl issued a Memorandum Opinion and Order denying Defendants' motion to compel arbitration. Dkt. No. 72.

3. **NOTICE OF APPEAL AND DOCKET SHEET**

    In accordance with 9 U.S.C. § 16(a), Defendants filed a timely Notice of Appeal on November 19, 2021. Defendants filed a timely Amended Notice of Appeal on November 24, 2021. The Notice of Appeal (Exhibit A), the Amended Notice of Appeal (Exhibit B), and the District Court's docket sheet (Exhibit C) are attached.

4. **COPIES OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR APPEAL**

    Attached is the Memorandum Opinion and Order denying Defendants' motion to compel individual arbitration (Exhibit D).

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RAMON DEJESUS CEDENO, individually and on behalf of a class of all other persons similarly situated,<br><br>　　　　　　　　　　　　Plaintiffs,<br>　　　v.<br>ARGENT TRUST COMPANY, RYAN SASSON, DANIEL BLUMKIN, IAN BEHAR, DUKE ENTERPRISES LLC, TWIST FINANCIAL LLC, and STRATEGIC FINANCIAL SOLUTIONS, LLC,<br><br>　　　　　　　　　　　　Defendants. | Case No. 1:20-cv-09987-JGK |

## NOTICE OF APPEAL

Notice is given that Defendants Argent Trust Company, Ryan Sasson, Daniel Blumkin, Ian Behar, Duke Enterprises LLC, Twist Financial LLC, and Strategic Financial Solutions, LLC (collectively, "Defendants"), hereby appeal to the United States Court of Appeals for the Second Circuit from the Memorandum Opinion and Order entered November 2, 2021, denying Defendants' Motion to Compel Individual Arbitration and Stay the Case.  Dkt. No. 72.  A copy of the Memorandum Opinion and Order is attached hereto as Exhibit A.

1

Dated: November 19, 2021                    MORGAN, LEWIS & BOCKIUS LLP

                                            By: */s/ Jeremy P. Blumenfeld*

                                            Jeremy P. Blumenfeld
                                            Antonia Moran (admitted *pro hac vice*)
                                            1701 Market Street
                                            Philadelphia, PA 19103
                                            Tel: 215.963.5000
                                            Fax: 215.963.5001
                                            jeremy.blumenfeld@morganlewis.com
                                            toni.moran@morganlewis.com

                                            *Attorneys for Defendants Ryan Sasson, Daniel Blumkin,*
                                            *Ian Behar, Duke Enterprises LLC, Twist Financial LLC,*
                                            *Blaise Investments LLC, & Strategic Financial Solutions,*
                                            *LLC*

                                            GROOM LAW GROUP, CHARTERED

                                            By: */s/ Lars C. Golumbic*

                                            Michael J. Prame
                                            Lars C. Golumbic (admitted *pro hac vice*)
                                            Sarah M. Adams (admitted *pro hac vice*)
                                            Paul J. Rinefierd (admitted *pro hac vice*)
                                            1701 Pennsylvania Avenue, NW
                                            Washington, D.C. 20006
                                            Telephone: (202) 861-6633
                                            Facsimile: (202) 659-4503
                                            mprame@groom.com
                                            lgolumbic@groom.com
                                            sadams@groom.com
                                            prinefierd@groom.com

                                            *Attorneys for Defendant Argent Trust*
                                            *Company*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the foregoing was filed electronically and served on all counsel of record on November 19, 2021 via the Court's ECF/CM system.

<u>/s/ Jeremy P. Blumenfeld</u>
Jeremy P. Blumenfeld

EXHIBIT B

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

RAMON DEJESUS CEDENO, individually
and on behalf of a class of all other persons
similarly situated,

                                        Plaintiffs,          Case No. 1:20-cv-09987-JGK

        v.

ARGENT TRUST COMPANY, RYAN
SASSON, DANIEL BLUMKIN, IAN
BEHAR, DUKE ENTERPRISES LLC,
TWIST FINANCIAL LLC, BLAISE
INVESTMENTS LLC, and STRATEGIC
FINANCIAL SOLUTIONS, LLC,

                                        Defendants.

## AMENDED NOTICE OF APPEAL

Notice is given that Defendants Argent Trust Company, Ryan Sasson, Daniel Blumkin, Ian

Behar, Duke Enterprises LLC, Twist Financial LLC, Blaise Investments LLC, and Strategic

Financial Solutions, LLC (collectively, "Defendants"), hereby appeal to the United States Court

of Appeals for the Second Circuit from the Memorandum Opinion and Order entered November

2, 2021, denying Defendants' Motion to Compel Individual Arbitration and Stay the Case.  Dkt.

No. 72.  A copy of the Memorandum Opinion and Order is attached hereto as Exhibit A.

1

Dated: November 24, 2021

MORGAN, LEWIS & BOCKIUS LLP

By: */s/ Jeremy P. Blumenfeld*

Jeremy P. Blumenfeld
Antonia Moran (admitted *pro hac vice*)
1701 Market Street
Philadelphia, PA 19103
Tel: 215.963.5000
Fax: 215.963.5001
jeremy.blumenfeld@morganlewis.com
toni.moran@morganlewis.com

*Attorneys for Defendants Ryan Sasson, Daniel Blumkin, Ian Behar, Duke Enterprises LLC, Twist Financial LLC, Blaise Investments LLC, & Strategic Financial Solutions, LLC*

GROOM LAW GROUP, CHARTERED

By: */s/ Lars C. Golumbic*

Michael J. Prame
Lars C. Golumbic (admitted *pro hac vice*)
Sarah M. Adams (admitted *pro hac vice*)
Paul J. Rinefierd (admitted *pro hac vice*)
1701 Pennsylvania Avenue, NW
Washington, D.C. 20006
Telephone: (202) 861-6633
Facsimile: (202) 659-4503
mprame@groom.com
lgolumbic@groom.com
sadams@groom.com
prinefierd@groom.com

*Attorneys for Defendant Argent Trust Company*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was filed electronically and served on all counsel of record on November 24, 2021 via the Court's ECF/CM system.

*/s/ Jeremy P. Blumenfeld*
Jeremy P. Blumenfeld

# EXHIBIT C

# U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:20–cv–09987–JGK

Dejesus Cedeno v. Argent Trust Company et al
Assigned to: Judge John G. Koeltl
Cause: 29:1001 E.R.I.S.A.: Employee Retirement

Date Filed: 11/27/2020
Jury Demand: None
Nature of Suit: 791 Labor: E.R.I.S.A.
Jurisdiction: Federal Question

**Plaintiff**

**Ramon Dejesus Cedeno**
*individually and on behalf of a class of*
*all other persons similarly situated*

represented by **Gregory Y. Porter**
Bailey & Glasser LLP
1055 Thomas Jefferson Street NW
Suite 540
Washington, DC 20007
202–463–2101
Fax: 202–463–2103
Email: gporter@baileyglasser.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Laura Babiak**
Bailey Glasser
209 Capital Street
Charleston, WV 25314–2101
304–421–2228
Email: lbabiak@baileyglasser.com
*ATTORNEY TO BE NOTICED*

**Patrick Owen Muench**
Bailey & Glasser
318 W. Adams St.
Suite 1606
Chicago, IL 60606
312–500–8680
Fax: 304–342–1110
Email: pmuench@baileyglasser.com
*ATTORNEY TO BE NOTICED*

**Ryan T. Jenny**
Bailey & Glasser LLP
1055 Thomas Jefferson Street NW
Suite 540
Washington, DC 20007
202–463–2101
Fax: 202–463–2103
Email: rjenny@baileyglasser.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Ryan Sasson**

represented by **Jeremy Paul Blumenfeld**
Morgan, Lewis & Bockius LLP
(Philadelphia)
1701 Market Street
Philadelphia, PA 19103
(215)–963–5258
Fax: (215)–963–5001
Email: jeremy.blumenfeld@morganlewis.com
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Antonia Moran**
Philadelphia
1701 Market Street
Philadelphia, PA 19103
215–963–5298
Fax: 215–963–5001
Email: toni.moran@morganlewis.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Argent Trust Company**                  represented by  **Lars C. Golumbic**
Groom Law Group, Chartered
1701 Pennsylvania Avenue, North West
Washington, DC 20006
(202) 861–6615
Fax: (202) 861–4503
Email: lcg@groom.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Joseph Prame**
Groom Law Group
1701 Pennsylvania Avenue, N.W.
Washington, DC 20006
202–857–0620
Fax: 202–659–4503
Email: mjp@groom.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul Rinefierd**
Groom Law Group, Chartered
1701 Pennsylvania Avenue, Nw
Washington, DC 20006
(202)–861–9383
Email: prinefierd@groom.com
*ATTORNEY TO BE NOTICED*

**Sarah Adams**
1701 Pennsylvania Ave NW
Ste 1200
Washington, DC 20006
202–861–5432
Email: sadams@groom.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Daniel Blumkin**                  represented by  **Jeremy Paul Blumenfeld**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Antonia Moran**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Ian Behar**                  represented by  **Jeremy Paul Blumenfeld**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Antonia Moran**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Strategic Financial Solutions, LLC**     represented by  **Jeremy Paul Blumenfeld**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Antonia Moran**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Duke Enterprises LLC**     represented by  **Jeremy Paul Blumenfeld**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Antonia Moran**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Twist Financial LLC**     represented by  **Jeremy Paul Blumenfeld**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Antonia Moran**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Blaise Investments LLC**     represented by  **Jeremy Paul Blumenfeld**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Antonia Moran**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/27/2020 | 1 | **FILING ERROR – DEFICIENT PLEADING – FILED AGAINST PARTY ERROR –**COMPLAINT against All Plaintiffs. (Filing Fee $ 400.00, Receipt Number BNYSDC–22781296)Document filed by Ramon Dejesus Cedeno..(Jenny, Ryan) Modified on 11/30/2020 (dnh). (Entered: 11/27/2020) |
| 11/27/2020 | 2 | CIVIL COVER SHEET filed..(Jenny, Ryan) (Entered: 11/27/2020) |
| 11/27/2020 | 3 | **FILING ERROR – DEFICIENT PLEADING – SUMMONS REQUEST PDF ERROR –** REQUEST FOR ISSUANCE OF SUMMONS as to Argent Trust Company, re: 1 Complaint. Document filed by Ramon Dejesus Cedeno..(Jenny, Ryan) Modified on 11/30/2020 (dnh). (Entered: 11/27/2020) |
| 11/27/2020 | 4 | REQUEST FOR ISSUANCE OF SUMMONS as to Ryan Sasson, re: 1 Complaint. Document filed by Ramon Dejesus Cedeno..(Jenny, Ryan) (Entered: 11/27/2020) |

| 11/27/2020 | 5 | REQUEST FOR ISSUANCE OF SUMMONS as to Daniel Blumkin, re: 1 Complaint. Document filed by Ramon Dejesus Cedeno..(Jenny, Ryan) (Entered: 11/27/2020) |
|---|---|---|
| 11/27/2020 | 6 | REQUEST FOR ISSUANCE OF SUMMONS as to Ian Behar, re: 1 Complaint. Document filed by Ramon Dejesus Cedeno..(Jenny, Ryan) (Entered: 11/27/2020) |
| 11/27/2020 | 7 | REQUEST FOR ISSUANCE OF SUMMONS as to Duke Enterprises LLC, re: 1 Complaint. Document filed by Ramon Dejesus Cedeno..(Jenny, Ryan) (Entered: 11/27/2020) |
| 11/27/2020 | 8 | REQUEST FOR ISSUANCE OF SUMMONS as to Twist Financials LLC, re: 1 Complaint. Document filed by Ramon Dejesus Cedeno..(Jenny, Ryan) (Entered: 11/27/2020) |
| 11/27/2020 | 9 | **FILING ERROR – DEFICIENT PLEADING – SUMMONS REQUEST As To –** REQUEST FOR ISSUANCE OF SUMMONS as to Strategic Financial Solutions, re: 1 Complaint. Document filed by Ramon Dejesus Cedeno..(Jenny, Ryan) Modified on 11/30/2020 (dnh). (Entered: 11/27/2020) |
| 11/27/2020 | 10 | REQUEST FOR ISSUANCE OF SUMMONS as to Blaise Investments LLC, re: 1 Complaint. Document filed by Ramon Dejesus Cedeno..(Jenny, Ryan) (Entered: 11/27/2020) |
| 11/30/2020 | | **\*\*\*NOTICE TO ATTORNEY REGARDING DEFICIENT PLEADING. Notice to Attorney Ryan T. Jenny to RE–FILE Document No. 1 Complaint. The filing is deficient for the following reason(s): the All Plaintiff radio button was selected; the names of each of the parties must be listed in the docket entry text. Select multiple parties by holding the 'Ctrl' buttin. Re–file the pleading using the event type Complaint found under the event list Complaints and Other Initiating Documents – attach the correct signed PDF – select the individually named filer/filers – select the individually named party/parties the pleading is against. (dnh)** (Entered: 11/30/2020) |
| 11/30/2020 | | CASE OPENING INITIAL ASSIGNMENT NOTICE: The above–entitled action is assigned to Judge John G. Koeltl. Please download and review the Individual Practices of the assigned District Judge, located at https://nysd.uscourts.gov/judges/district–judges. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. Please download and review the ECF Rules and Instructions, located at https://nysd.uscourts.gov/rules/ecf–related–instructions..(dnh) (Entered: 11/30/2020) |
| 11/30/2020 | | Magistrate Judge Sarah Netburn is so designated. Pursuant to 28 U.S.C. Section 636(c) and Fed. R. Civ. P. 73(b)(1) parties are notified that they may consent to proceed before a United States Magistrate Judge. Parties who wish to consent may access the necessary form at the following link: https://nysd.uscourts.gov/sites/default/files/2018–06/AO–3.pdf. (dnh) (Entered: 11/30/2020) |
| 11/30/2020 | | Case Designated ECF. (dnh) (Entered: 11/30/2020) |
| 11/30/2020 | 11 | ELECTRONIC SUMMONS ISSUED as to Ryan Sasson..(dnh) (Entered: 11/30/2020) |
| 11/30/2020 | 12 | ELECTRONIC SUMMONS ISSUED as to Daniel Blumkin..(dnh) (Entered: 11/30/2020) |
| 11/30/2020 | 13 | ELECTRONIC SUMMONS ISSUED as to Ian Behar..(dnh) (Entered: 11/30/2020) |
| 11/30/2020 | | **\*\*\*NOTICE TO ATTORNEY REGARDING PARTY MODIFICATION. Notice to attorney Ryan T. Jenny. The party information for the following party/parties has been modified: Blaise Investments; Strategic Financial Solutions; Twist Financials ; Duke Enterprises. The information for the party/parties has been modified for the following reason/reasons: party name contained a typographical error. (dnh)** (Entered: 11/30/2020) |
| 11/30/2020 | 14 | ELECTRONIC SUMMONS ISSUED as to Duke Enterprises LLC..(dnh) (Entered: 11/30/2020) |
| 11/30/2020 | 15 | ELECTRONIC SUMMONS ISSUED as to Twist Financial LLC..(dnh) (Entered: 11/30/2020) |

| 11/30/2020 | 16 | ELECTRONIC SUMMONS ISSUED as to Blaise Investments LLC..(dnh) (Entered: 11/30/2020) |
|---|---|---|
| 11/30/2020 | 17 | COMPLAINT against Argent Trust Company, Ian Behar, Blaise Investments LLC, Daniel Blumkin, Duke Enterprises LLC, Ryan Sasson, Strategic Financial Solutions, LLC, Twist Financial LLC. (Filing Fee $ 400.00, Receipt Number ANYSDC−22806906)Document filed by Ramon Dejesus Cedeno..(Jenny, Ryan) (Entered: 11/30/2020) |
| 11/30/2020 | 18 | REQUEST FOR ISSUANCE OF SUMMONS as to Argent Trust Company, re: 17 Complaint,. Document filed by Ramon Dejesus Cedeno..(Jenny, Ryan) (Entered: 11/30/2020) |
| 11/30/2020 | 19 | REQUEST FOR ISSUANCE OF SUMMONS as to Strategic Financial Solutions LLC, re: 17 Complaint,. Document filed by Ramon Dejesus Cedeno..(Jenny, Ryan) (Entered: 11/30/2020) |
| 12/01/2020 | 20 | ELECTRONIC SUMMONS ISSUED as to Argent Trust Company..(dnh) (Entered: 12/01/2020) |
| 12/01/2020 | 21 | ELECTRONIC SUMMONS ISSUED as to Strategic Financial Solutions, LLC..(dnh) (Entered: 12/01/2020) |
| 12/14/2020 | 22 | AFFIDAVIT OF SERVICE of Summons and Complaint, Complaint,. Argent Trust Company served on 12/1/2020, answer due 12/22/2020. Service was accepted by Eric Still, Authorized Agent of Argent Trust. Document filed by Ramon Dejesus Cedeno..(Jenny, Ryan) (Entered: 12/14/2020) |
| 12/14/2020 | 23 | AFFIDAVIT OF SERVICE of Summons and Complaint, Complaint,. Strategic Financial Solutions, LLC served on 12/9/2020, answer due 12/30/2020. Service was accepted by Heather Howle, Authorized Agent of Strategic Financial Solutions, LLC. Document filed by Ramon Dejesus Cedeno..(Jenny, Ryan) (Entered: 12/14/2020) |
| 12/14/2020 | 24 | AFFIDAVIT OF SERVICE of Summons and Complaint, Complaint,. Twist Financial LLC served on 12/7/2020, answer due 12/28/2020. Service was accepted by Heather Howle, Authorized Agent of Twist Financial LLC. Document filed by Ramon Dejesus Cedeno..(Jenny, Ryan) (Entered: 12/14/2020) |
| 12/15/2020 | 25 | NOTICE OF APPEARANCE by Gregory Y. Porter on behalf of Ramon Dejesus Cedeno..(Porter, Gregory) (Entered: 12/15/2020) |
| 12/15/2020 | 26 | MOTION for Laura E. Babiak to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number BNYSDC−23043307. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Ramon Dejesus Cedeno. (Attachments: # 1 Exhibit Certificate of Good Standing, # 2 Text of Proposed Order Proposed Order).(Jenny, Ryan) (Entered: 12/15/2020) |
| 12/15/2020 |  | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 26 MOTION for Laura E. Babiak to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number BNYSDC−23043307. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (wb)** (Entered: 12/15/2020) |
| 12/17/2020 | 27 | ORDER FOR ADMISSION PRO HAC VICE: granting 26 Motion for Laura E. Babiak to Appear Pro Hac Vice. (Signed by Judge John G. Koeltl on 12/17/2020) (ama) (Entered: 12/17/2020) |
| 12/17/2020 | 28 | AFFIDAVIT OF SERVICE of Summons and Complaint, Complaint,. Daniel Blumkin served on 12/14/2020, answer due 1/4/2021. Service was accepted by Cynthia Byrne, Co−Resident. Document filed by Ramon Dejesus Cedeno..(Jenny, Ryan) (Entered: 12/17/2020) |
| 12/17/2020 | 29 | NOTICE OF APPEARANCE by Laura Babiak on behalf of Ramon Dejesus Cedeno..(Babiak, Laura) (Entered: 12/17/2020) |
| 12/18/2020 | 30 | NOTICE OF APPEARANCE by Michael Joseph Prame on behalf of Argent Trust Company..(Prame, Michael) (Entered: 12/18/2020) |

| 12/18/2020 | 31 | CONSENT LETTER MOTION for Extension of Time *to Respond to Plaintiff's Complaint* addressed to Judge John G. Koeltl from Michael J. Prame dated December 18, 2020. Document filed by Argent Trust Company..(Prame, Michael) (Entered: 12/18/2020) |
|---|---|---|
| 12/21/2020 | 32 | ORDER granting 31 Letter Motion for Extension of Time. Application granted. SO ORDERED. (Signed by Judge John G. Koeltl on 12/21/2020) (ks) (Entered: 12/21/2020) |
| 12/21/2020 | | Set/Reset Deadlines: Argent Trust Company answer due 2/15/2021. (ks) (Entered: 12/21/2020) |
| 12/28/2020 | 33 | NOTICE OF APPEARANCE by Jeremy Paul Blumenfeld on behalf of Ian Behar, Blaise Investments LLC, Daniel Blumkin, Duke Enterprises LLC, Ryan Sasson, Strategic Financial Solutions, LLC, Twist Financial LLC..(Blumenfeld, Jeremy) (Entered: 12/28/2020) |
| 12/28/2020 | 34 | LETTER MOTION for Extension of Time to File *Response to the Complaint* addressed to Judge John G. Koeltl from Jeremy P. Blumenfeld dated December 28, 2020. Document filed by Ian Behar, Blaise Investments LLC, Daniel Blumkin, Duke Enterprises LLC, Ryan Sasson, Strategic Financial Solutions, LLC, Twist Financial LLC..(Blumenfeld, Jeremy) (Entered: 12/28/2020) |
| 12/29/2020 | 35 | ORDER granting 34 LETTER MOTION for Extension of Time to File Response to the Complaint. Application granted. SO ORDERED. (Signed by Judge John G. Koeltl on 12/29/2020) (jca) (Entered: 12/29/2020) |
| 12/29/2020 | | Set/Reset Deadlines: Strategic Financial Solutions, LLC answer due 2/15/2021. (jca) (Entered: 12/29/2020) |
| 12/30/2020 | 36 | **FILING ERROR – DEFICIENT DOCKET ENTRY** – MOTION for Patrick O. Muench to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–23271844. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Ramon Dejesus Cedeno. (Attachments: # 1 Exhibit Certificate of Good Standing).(Jenny, Ryan) Modified on 12/30/2020 (bcu). (Entered: 12/30/2020) |
| 12/30/2020 | | **>>>NOTICE REGARDING DEFICIENT MOTION TO APPEAR PRO HAC VICE. Notice to RE–FILE Document No. 36 MOTION for Patrick O. Muench to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–23271844. Motion and supporting papers to be reviewed by Clerk's Office staff... The filing is deficient for the following reason(s): Missing Attorney Affidavit/Declaration per local rule 1.3;. Re–file the motion as a Corrected Motion to Appear Pro Hac Vice – attach the correct signed PDF – select the correct named filer/filers – attach valid Certificates of Good Standing issued within the past 30 days – attach Proposed Order.. (bcu)** (Entered: 12/30/2020) |
| 12/30/2020 | 37 | **FILING ERROR – DEFICIENT DOCKET ENTRY** – MOTION for Patrick O. Muench to Appear Pro Hac Vice . **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Ramon Dejesus Cedeno. (Attachments: # 1 Exhibit Patrick Muench Certificate of Good Standing, # 2 Text of Proposed Order).(Jenny, Ryan) Modified on 12/30/2020 (vba). (Entered: 12/30/2020) |
| 12/30/2020 | | **>>>NOTICE REGARDING DEFICIENT MOTION TO APPEAR PRO HAC VICE. Notice to RE–FILE Document No. 37 MOTION for Patrick O. Muench to Appear Pro Hac Vice . Motion and supporting papers to be reviewed by Clerk's Office staff... The filing is deficient for the following reason(s): Missing Affidavit or Declaration;. Re–file the motion as a Motion to Appear Pro Hac Vice – attach the correct signed PDF – select the correct named filer/filers – attach valid Certificates of Good Standing issued within the past 30 days – attach Proposed Order.. (vba)** (Entered: 12/30/2020) |
| 01/15/2021 | 38 | MOTION for Antonia Mia Moran to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–23529786. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Ian Behar, Blaise Investments LLC, Daniel Blumkin, Duke Enterprises LLC, Ryan Sasson, Strategic Financial Solutions, LLC, Twist Financial LLC. (Attachments: # 1 Affidavit, # 2 Good Standing Certificate, # 3 Text of Proposed Order).(Moran, Antonia) (Entered: 01/15/2021) |

| 01/15/2021 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 38 MOTION for Antonia Mia Moran to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–23529786. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (wb)** (Entered: 01/15/2021) |
|---|---|---|
| 01/18/2021 | 39 | ORDER FOR ADMISSION PRO HAC VICE granting 38 Motion for Antonia Moran to Appear Pro Hac Vice. (Signed by Judge John G. Koeltl on 1/18/2021) (ks) (Entered: 01/19/2021) |
| 01/28/2021 | | Minute Entry for proceedings held before Judge John G. Koeltl: Pretrial Conference set for 2/24/2021 at 12:00 PM before Judge John G. Koeltl. Dial–in: 888 363–4749, with access code 8140049. (Fletcher, Donnie) (Entered: 01/28/2021) |
| 02/01/2021 | 40 | MOTION for Patrick O. Muench to Appear Pro Hac Vice . **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Ramon Dejesus Cedeno. (Attachments: # 1 Affidavit Affidavit ISO of Motion, # 2 Supplement Certificate of Good Standing, # 3 Text of Proposed Order Proposed Order).(Muench, Patrick) (Entered: 02/01/2021) |
| 02/01/2021 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 40 MOTION for Patrick O. Muench to Appear Pro Hac Vice . Motion and supporting papers to be reviewed by Clerk's Office staff. The document has been reviewed and there are no deficiencies. (aea)** (Entered: 02/01/2021) |
| 02/02/2021 | 41 | ORDER FOR ADMISSION PRO HAC VICE granting 40 Motion for Patrick O. Muench to Appear Pro Hac Vice.. (Signed by Judge John G. Koeltl on 2/2/2021) (ks) (Entered: 02/02/2021) |
| 02/03/2021 | 42 | NOTICE OF APPEARANCE by Patrick Owen Muench on behalf of Ramon Dejesus Cedeno..(Muench, Patrick) (Entered: 02/03/2021) |
| 02/03/2021 | 43 | **FILING ERROR – DEFICIENT DOCKET ENTRY –** MOTION for Lars Calvin Golumbic to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–23810664. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Argent Trust Company. (Attachments: # 1 Declaration of Lars C. Golumbic, # 2 Certificates of Good Standing, # 3 Text of Proposed Order).(Golumbic, Lars) Modified on 2/4/2021 (vba). (Entered: 02/03/2021) |
| 02/03/2021 | 44 | **FILING ERROR – DEFICIENT DOCKET ENTRY –** MOTION for Sarah M. Adams to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–23810962. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Argent Trust Company. (Attachments: # 1 Declaration of Sarah M. Adams, # 2 Certificates of Good Standing, # 3 Text of Proposed Order).(Adams, Sarah) Modified on 2/4/2021 (vba). (Entered: 02/03/2021) |
| 02/03/2021 | 45 | MOTION for Paul J. Rinefierd to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–23811197. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Argent Trust Company. (Attachments: # 1 Declaration of Paul J. Rinefierd, # 2 Certificates of Good Standing, # 3 Text of Proposed Order).(Rinefierd, Paul) (Entered: 02/03/2021) |
| 02/04/2021 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 45 MOTION for Paul J. Rinefierd to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–23811197. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (vba)** (Entered: 02/04/2021) |
| 02/04/2021 | | **>>>NOTICE REGARDING DEFICIENT MOTION TO APPEAR PRO HAC VICE. Notice to RE–FILE Document No. 43 MOTION for Lars Calvin Golumbic to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–23810664. Motion and supporting papers to be reviewed by Clerk's Office staff., 44 MOTION for Sarah M. Adams to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–23810962. Motion and supporting papers to be reviewed by Clerk's Office staff... The filing is deficient for the following reason(s): missing Certificate of Good Standing from SUPREME COURT OF VIRGINIA;. Re–file the motion as a Corrected Motion to Appear Pro Hac Vice – attach the correct signed PDF – select the correct named filer/filers – attach valid** |

| | | |
|---|---|---|
| | | **Certificates of Good Standing issued within the past 30 days – attach Proposed Order.. (vba)** (Entered: 02/04/2021) |
| 02/05/2021 | <u>46</u> | ORDER FOR ADMISSION PRO HAC VICE granting <u>45</u> MOTION for Paul J. Rinefierd to Appear Pro Hac Vice. (Signed by Judge John G. Koeltl on 2/5/2021) (jca) (Entered: 02/05/2021) |
| 02/08/2021 | <u>47</u> | LETTER MOTION for Conference *Regarding Pre−Motion Conference* addressed to Judge John G. Koeltl from Michael J. Prame and Jeremy P. Blumenfeld dated February 8, 2021. Document filed by Argent Trust Company..(Prame, Michael) (Entered: 02/08/2021) |
| 02/09/2021 | <u>48</u> | MOTION for Lars Calvin Golumbic to Appear Pro Hac Vice *(receipt number ANYSDC−23810664).* **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Argent Trust Company. (Attachments: # <u>1</u> Declaration of Lars C. Golumbic, # <u>2</u> Certificates of Good Standing, # <u>3</u> Text of Proposed Order).(Golumbic, Lars) (Entered: 02/09/2021) |
| 02/09/2021 | <u>49</u> | MOTION for Sarah M. Adams to Appear Pro Hac Vice *(receipt number ANYSDC−23810962).* **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Argent Trust Company. (Attachments: # <u>1</u> Declaration of Sarah M. Adams, # <u>2</u> Certificates of Good Standing, # <u>3</u> Text of Proposed Order).(Adams, Sarah) (Entered: 02/09/2021) |
| 02/09/2021 | <u>50</u> | NOTICE OF APPEARANCE by Paul Rinefierd on behalf of Argent Trust Company..(Rinefierd, Paul) (Entered: 02/09/2021) |
| 02/10/2021 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. <u>48</u> MOTION for Lars Calvin Golumbic to Appear Pro Hac Vice *(receipt number ANYSDC−23810664).* Motion and supporting papers to be reviewed by Clerk's Office staff., <u>49</u> MOTION for Sarah M. Adams to Appear Pro Hac Vice *(receipt number ANYSDC−23810962).* Motion and supporting papers to be reviewed by Clerk's Office staff. The document has been reviewed and there are no deficiencies. (aea)** (Entered: 02/10/2021) |
| 02/10/2021 | <u>51</u> | ORDER terminating <u>47</u> Letter Motion for Conference. No pre−motion conference is necessary. The defendant may move to compel arbitration by March 5, 2021. The plaintiff shall respond by March 26, 2021. The defendant shall reply by April 7, 2021. SO ORDERED.. (Signed by Judge John G. Koeltl on 2/10/2021) (ks) (Entered: 02/10/2021) |
| 02/10/2021 | | Set/Reset Deadlines: Motions due by 3/5/2021. Responses due by 3/26/2021 Replies due by 4/7/2021. (ks) (Entered: 02/10/2021) |
| 02/10/2021 | <u>52</u> | ORDER FOR ADMISSION PRO HAC VICE granting <u>49</u> Motion for Sarah M. Adams to Appear Pro Hac Vice. (Signed by Judge John G. Koeltl on 2/10/2021) (ks) (Entered: 02/10/2021) |
| 02/10/2021 | <u>53</u> | ORDER FOR ADMISSION PRO HAC VICE granting <u>48</u> Motion for Lars C. Golumbic to Appear Pro Hac Vice. (Signed by Judge John G. Koeltl on 2/10/2021) (ks) (Entered: 02/10/2021) |
| 02/15/2021 | <u>54</u> | LETTER MOTION to Adjourn Conference *and the Deadline for Defendants to Answer or Otherwise Respond to the Complaint* addressed to Judge John G. Koeltl from Jeremy P. Blumenfeld dated February 15, 2021. Document filed by Strategic Financial Solutions, LLC..(Blumenfeld, Jeremy) (Entered: 02/15/2021) |
| 02/15/2021 | <u>55</u> | NOTICE OF APPEARANCE by Lars C. Golumbic on behalf of Argent Trust Company..(Golumbic, Lars) (Entered: 02/15/2021) |
| 02/15/2021 | <u>56</u> | NOTICE OF APPEARANCE by Sarah Adams on behalf of Argent Trust Company..(Adams, Sarah) (Entered: 02/15/2021) |
| 02/16/2021 | <u>57</u> | ORDER granting <u>54</u> Letter Motion to Adjourn Conference. This case is stayed pending the decision on the motion to compel arbitration. SO ORDERED.. (Signed by Judge John G. Koeltl on 2/16/2021) (ks) (Entered: 02/16/2021) |

| 02/16/2021 | | Case Stayed (ks) (Entered: 02/16/2021) |
|---|---|---|
| 03/05/2021 | 58 | **FILING ERROR – DEFICIENT DOCKET ENTRY (SEE DOCUMENT #59) –** NOTICE of of Defendants' Motion to Compel Individual Arbitration and Stay the Case. Document filed by Argent Trust Company..(Golumbic, Lars) Modified on 3/8/2021 (ldi). (Entered: 03/05/2021) |
| 03/05/2021 | 59 | MOTION to Compel Arbitration *and Stay the Case*. Document filed by Argent Trust Company..(Golumbic, Lars) (Entered: 03/05/2021) |
| 03/05/2021 | 60 | MEMORANDUM OF LAW in Support re: 59 MOTION to Compel Arbitration *and Stay the Case*. . Document filed by Argent Trust Company..(Golumbic, Lars) (Entered: 03/05/2021) |
| 03/05/2021 | 61 | DECLARATION of David H. Williams in Support re: 59 MOTION to Compel Arbitration *and Stay the Case*.. Document filed by Argent Trust Company. (Attachments: # 1 Exhibit A – ESOP Plan Document, # 2 Exhibit B – ESOP Trust Agreement).(Golumbic, Lars) (Entered: 03/05/2021) |
| 03/05/2021 | 62 | DECLARATION of Lars C. Golumbic in Support re: 59 MOTION to Compel Arbitration *and Stay the Case*.. Document filed by Argent Trust Company. (Attachments: # 1 Exhibit A – February 2, 2021 Letter).(Golumbic, Lars) (Entered: 03/05/2021) |
| 03/05/2021 | 63 | **FILING ERROR – DEFICIENT DOCKET ENTRY (SEE DOCUMENT #64) –** RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Argent Trust Company..(Golumbic, Lars) Modified on 3/8/2021 (ldi). Modified on 3/9/2021 (ldi). (Entered: 03/05/2021) |
| 03/09/2021 | 64 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent Argent Financial Group, Inc. for Argent Trust Company. Document filed by Argent Trust Company..(Golumbic, Lars) (Entered: 03/09/2021) |
| 03/26/2021 | 65 | MEMORANDUM OF LAW in Opposition re: 59 MOTION to Compel Arbitration *and Stay the Case*. . Document filed by Ramon Dejesus Cedeno..(Porter, Gregory) (Entered: 03/26/2021) |
| 03/26/2021 | 66 | DECLARATION of Gregory Y. Porter in Opposition re: 59 MOTION to Compel Arbitration *and Stay the Case*.. Document filed by Ramon Dejesus Cedeno. (Attachments: # 1 Exhibit A Strategic ESOP 2019 Form 5500, # 2 Exhibit Summary Plan Description – August 2020, # 3 Exhibit Strategic ESOP – Plan Document – Executed, # 4 Exhibit Statement of Participation 12.31.2018).(Porter, Gregory) (Entered: 03/26/2021) |
| 03/26/2021 | 67 | LETTER MOTION for Oral Argument addressed to Judge John G. Koeltl from Gregory Y. Porter dated March 26, 2021. Document filed by Ramon Dejesus Cedeno..(Porter, Gregory) (Entered: 03/26/2021) |
| 04/07/2021 | 68 | REPLY MEMORANDUM OF LAW in Support re: 59 MOTION to Compel Arbitration *and Stay the Case*. . Document filed by Argent Trust Company..(Golumbic, Lars) (Entered: 04/07/2021) |
| 04/07/2021 | 69 | LETTER MOTION for Oral Argument addressed to Judge John G. Koeltl from Lars C. Golumbic and Jeremy P. Blumenfeld dated April 7, 2021. Document filed by Argent Trust Company..(Golumbic, Lars) (Entered: 04/07/2021) |
| 09/14/2021 | 70 | LETTER addressed to Judge John G. Koeltl from Gregory Y. Porter dated 09/14/2021 re: Plaintiffs Notice of Supplemental Authority. Document filed by Ramon Dejesus Cedeno..(Porter, Gregory) (Entered: 09/14/2021) |
| 09/24/2021 | 71 | LETTER addressed to Judge John G. Koeltl from Lars C. Golumbic and Jeremy P. Blumenfeld dated 9/24/2021 re: Response to Plaintiffs Notice of Supplemental Authority. Document filed by Argent Trust Company, Ian Behar, Blaise Investments LLC, Daniel Blumkin, Duke Enterprises LLC, Ryan Sasson, Strategic Financial Solutions, LLC, Twist Financial LLC..(Golumbic, Lars) (Entered: 09/24/2021) |
| 10/18/2021 | | Minute Entry for proceedings held before Judge John G. Koeltl: Oral Argument set for 10/26/2021 at 10:30 AM before Judge John G. Koeltl. Dial–in: 888 363–4749, with access code 8140049. (Fletcher, Donnie) (Entered: 10/18/2021) |

| | | |
|---|---|---|
| 10/26/2021 | | Minute Entry for proceedings held before Judge John G. Koeltl: Oral Argument held on 10/26/2021 re: 59 MOTION to Compel Arbitration and Stay the Case. Filed by Argent Trust Company. (Fletcher, Donnie) (Entered: 11/08/2021) |
| 11/02/2021 | 72 | MEMORANDUM OPINION AND ORDER re: 59 MOTION to Compel Arbitration *and Stay the Case*. filed by Argent Trust Company. The Court has considered all of the arguments of the parties. To the extent not specifically addressed, the arguments are either moot or without merit. The plaintiff has the right under §§ 409 (a) and 502 (a) (2) to recover for the Plan as a whole. That right is not waivable. Section 17.10(g), which purports to waive that right, is therefore invalid. Under section 17.10(h), section 17.10(g) is inseverable from the Arbitration Procedure. Therefore, voiding section 17.10(g) voids the entire Arbitration Procedure. Accordingly, the motion to compel arbitration is denied. The Clerk is directed to close Docket Nos. 59, 67, and 69. SO ORDERED. (Signed by Judge John G. Koeltl on 11/2/2021) (ks) Transmission to Orders and Judgments Clerk for processing. (Entered: 11/02/2021) |
| 11/19/2021 | 73 | MOTION to Stay *the Proceedings Pending Appeal (Unopposed)*. Document filed by Ian Behar, Blaise Investments LLC, Daniel Blumkin, Duke Enterprises LLC, Ryan Sasson, Strategic Financial Solutions, LLC, Twist Financial LLC..(Blumenfeld, Jeremy) (Entered: 11/19/2021) |
| 11/19/2021 | 74 | MEMORANDUM OF LAW in Support re: 73 MOTION to Stay *the Proceedings Pending Appeal (Unopposed)*. . Document filed by Ian Behar, Blaise Investments LLC, Daniel Blumkin, Duke Enterprises LLC, Ryan Sasson, Strategic Financial Solutions, LLC, Twist Financial LLC..(Blumenfeld, Jeremy) (Entered: 11/19/2021) |
| 11/19/2021 | 75 | NOTICE OF INTERLOCUTORY APPEAL from 72 Memorandum & Opinion,,,. Document filed by Ian Behar, Blaise Investments LLC, Daniel Blumkin, Duke Enterprises LLC, Ryan Sasson, Strategic Financial Solutions, LLC, Twist Financial LLC. Filing fee $ 505.00, receipt number ANYSDC−25362353. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit..(Blumenfeld, Jeremy) (Entered: 11/19/2021) |
| 11/22/2021 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 75 Notice of Interlocutory Appeal,..(nd) (Entered: 11/22/2021) |
| 11/22/2021 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 75 Notice of Interlocutory Appeal, filed by Blaise Investments LLC, Ian Behar, Ryan Sasson, Daniel Blumkin, Twist Financial LLC, Strategic Financial Solutions, LLC, Duke Enterprises LLC were transmitted to the U.S. Court of Appeals..(nd) (Entered: 11/22/2021) |
| 11/22/2021 | 76 | ORDER granting 73 Motion to Stay re: 73 MOTION to Stay *the Proceedings Pending Appeal (Unopposed)*. The unopposed motion for a stay pending appeal, ECF No. 73, is granted. The appeal presents serious questions going to the merits, and proceeding with the litigation of the case risks irreparable injury should it be determined that the case should be in arbitration rather than in litigation before this Court. See, e.g., Zachman v. Hudson Valley Fed. Credit Union, No. 20− cv−1579, 2021 WL 1873235, at *2 (S.D.N.Y. May 10, 2021) (finding that the litigation expenses incurred from a refusal to compel arbitration constituted irreparable harm); Starke v. SquareTrade, Inc., No. 16−cv−7036, 2017 WL 11504834, at *2 (E.D.N.Y. Dec. 15, 2017) (same); Meyer v. Kalanick, 203 F. Supp. 3d 393, 396 (S.D.N.Y. 2016) (same). This case is stayed pending further order of this Court. The Clerk is directed to close ECF No. 73. SO ORDERED. (Signed by Judge John G. Koeltl on 11/22/2021) (tg) (Entered: 11/22/2021) |
| 11/23/2021 | 77 | **FILING ERROR – WRONG EVENT TYPE SELECTED FROM MENU –** CORRECTED NOTICE OF APPEAL re: 75 Notice of Interlocutory Appeal, 72 Memorandum & Opinion,,,. Document filed by Argent Trust Company, Ian Behar, Blaise Investments LLC, Daniel Blumkin, Duke Enterprises LLC, Ryan Sasson, Strategic Financial Solutions, LLC, Twist Financial LLC..(Blumenfeld, Jeremy) Modified on 11/24/2021 (nd). (Entered: 11/23/2021) |
| 11/24/2021 | | ***NOTICE TO ATTORNEY REGARDING DEFICIENT APPEAL. Notice to attorney Blumenfeld, Jeremy to RE–FILE Document No. 77 Corrected Notice of Appeal,.. The filing is deficient for the following reason(s): the wrong event type was used to file the appeal. Re–file the appeal using the event type Amended |

| | | |
|---|---|---|
| | | **Notice of Appeal found under the event list Appeal Documents – change the PDF to say Amended Notice of Appeal – select the correct named filer/filers – select the correct order/judgment being appealed. (nd)** (Entered: 11/24/2021) |
| 11/24/2021 | <u>78</u> | AMENDED NOTICE OF APPEAL re: <u>75</u> Notice of Interlocutory Appeal, <u>72</u> Memorandum & Opinion,,,. Document filed by Argent Trust Company, Ian Behar, Blaise Investments LLC, Daniel Blumkin, Duke Enterprises LLC, Ryan Sasson, Strategic Financial Solutions, LLC, Twist Financial LLC..(Blumenfeld, Jeremy) (Entered: 11/24/2021) |
| 11/24/2021 | | Transmission of Amended Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: <u>78</u> Amended Notice of Appeal,..(nd) (Entered: 11/24/2021) |
| 11/24/2021 | | First Supplemental ROA Sent to USCA (Electronic File). Certified Supplemental Indexed record on Appeal Electronic Files for <u>78</u> Amended Notice of Appeal, filed by Blaise Investments LLC, Ian Behar, Ryan Sasson, Daniel Blumkin, Argent Trust Company, Twist Financial LLC, Strategic Financial Solutions, LLC, Duke Enterprises LLC were transmitted to the U.S. Court of Appeals..(nd) (Entered: 11/24/2021) |
| 12/01/2021 | <u>79</u> | TRANSCRIPT of Proceedings re: CONFERENCE held on 10/26/2021 before Judge John G. Koeltl. Court Reporter/Transcriber: Alena Lynch, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 12/22/2021. Redacted Transcript Deadline set for 1/3/2022. Release of Transcript Restriction set for 3/1/2022..(Moya, Goretti) (Entered: 12/01/2021) |
| 12/01/2021 | <u>80</u> | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 10/26/21 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days....(Moya, Goretti) (Entered: 12/01/2021) |

# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RAMON DEJESUS CEDENO, individually
and on behalf of a class of all
other persons similarly situated,
                          Plaintiffs,

          - against -

ARGENT TRUST COMPANY et al.,
                          Defendants.

---

20-cv-9987 (JGK)

MEMORANDUM OPINION
AND ORDER

JOHN G. KOELTL, District Judge:

     The plaintiff, Ramon Dejesus Cedeno, brought this putative

class action alleging violations of the Employee Retirement

Income Security Act of 1974, 29 U.S.C. § 1001 et seq., ("ERISA")

by the defendants: Argent Trust Co., Ryan Sasson, Daniel

Blumkin, Ian Behar, Duke Enterprises LLC, Twist Financial LC,

Blaise Investments LLC, and Strategic Financial Solutions, LLC.

Compl., ECF No. 17. The plaintiff sought to represent a class of

the participants in his retirement plan. The defendants moved to

compel individual arbitration and to stay the case. ECF No. 59.

However, the arbitration agreement at issue precluded

participants in the retirement plan at issue, which is governed

by ERISA, from seeking relief for the plan as a whole, a form of

relief that is otherwise provided for by ERISA. Because this

provision is invalid and is not severable from the arbitration

provision in the plan, the motion to compel arbitration is

**denied.**

I.

"In deciding motions to compel, courts apply a standard
similar to that applicable for a motion for summary judgment."
Nicosia v. Amazon.com, Inc., 834 F.3d 220, 229 (2d Cir. 2016).[1]
Thus, a court should "consider all relevant, admissible evidence
submitted by the parties and contained in pleadings,
depositions, answers to interrogatories, and admissions on file,
together with affidavits." Id. The Court must draw all
reasonable inferences against the moving party. Id. In this
case, there has been no discovery, and there is no dispute as to
the following facts.

The plaintiff is an employee of Strategic Financial
Solutions, LLC. Compl. ¶ 18. He is a participant in its
strategic employee stock ownership plan (the "Plan"), id., a
type of retirement plan covered by ERISA, see § 407(d)(6). The
Plan is a defined contribution plan which means that
participants have individual accounts within the Plan from which
their retirement benefits will be paid. Compl. ¶ 42.

---

[1] For clarity, unless otherwise specified, this Memorandum
Opinion and Order refers directly to sections of ERISA and the
FAA, rather than to provisions of the United States Code, and
uses the section symbol (§) to do so. It uses the word "section"
to refer to sections of the Plan Document. Unless otherwise
noted, in quotations from cases, this Memorandum Opinion and
Order omits all alterations, brackets, citations, emphases, and
internal quotation marks.

In his complaint, the plaintiff alleges that the defendants breached their fiduciary duties under ERISA, thereby causing the Plan to suffer losses. Compl. ¶ 13. The complaint alleges that the defendant Argent Trust Co caused the Plan to buy shares of Strategic Family, Inc. for more than fair market value, thereby damaging the Plan and its participants, including the plaintiff. The complaint seeks to order each defendant to make good to the Plan the losses resulting from the breaches of ERISA and restore to the Plan any profits that the defendants made through use of the assets of the Plan. The complaint also seeks certain declaratory relief.

ERISA § 409(a) provides that:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

ERISA § 502(a)(2) provides that "[a] civil action may be brought . . . by the Secretary, or by a participant, beneficiary, or fiduciary for appropriate relief under [§ 409]."

The Plan, adopted in 2017, Compl. ¶ 18, is governed by an instrument called the Plan Document. Williams Decl. Ex. A, ECF No. 61-1. Section 17.10 of the Plan Document, entitled

"Mandatory and Binding Arbitration," sets forth a procedure for
resolving disputes, namely, the Arbitration Procedure, and
includes three sections that are relevant to deciding this
motion.

Section 17.10(b) provides that participants commit to
"settl[ing] by binding arbitration" any claims arising out of
the Plan, for breaches of the Plan, or for violations of ERISA.
Section 17.10(g) provides that:

> If a . . . Claim is brought under ERISA section 502(a)(2)
> to seek relief under ERISA section 409, the Claimant's
> remedy, if any, shall be limited to (i) the alleged
> losses to the Claimant's Accounts resulting from the
> alleged breach of fiduciary duty, (ii) a pro-rated
> portion of any profits allegedly made by a fiduciary
> through the use of Plan assets where such pro-rated
> amount is intended to provide a remedy solely for the
> benefit of the Claimant's Accounts, or (iii) such other
> remedial or equitable relief as the arbitrator deems
> proper, so long as such remedial or equitable relief
> does not include or result in the provision of additional
> benefits or monetary relief to any Employee, Participant
> or Beneficiary other than the Claimant.

(emphasis added). The effect of section 17.10(g) is to limit an
arbitration to providing a remedy solely with respect to a
participant's individual account and to prevent the arbitrator
from awarding any relief for the benefit of the Plan that goes
beyond a benefit for the individual participant's account.

Section 17.10(h) in turn provides that:

> [Section] 17.10(g) shall . . . be a material and non-
> several term of the Arbitration Procedure. If an
> arbitrator(s) or a court of competent jurisdiction finds
> these requirements to be unenforceable or invalid, then

4

the entire Arbitration Procedure shall be rendered null
and void in all respects. Except as to the applicability
and enforceability of the requirements of Section[] . .
. 17.10(g), the arbitrator(s) shall have exclusive
authority to resolve any dispute or issue of
arbitrability with respect to the Arbitration Procedure,
including as to the jurisdiction of the arbitrator(s) or
relating to the existence, scope, validity
enforceability or performance of the Arbitration
Procedure or any of its provisions. Any dispute or issue
as to the applicability or validity of the requirements
of Section[] . . . 17.10(g) shall be determined solely
by [a court.]

The defendants now move to compel arbitration pursuant to

section 17.10. In response, the plaintiff argues that section

17.10(g) is void, and that because it is not severable from

section 17.10, the entire Arbitration Procedure must fail, and

the motion to compel arbitration must be denied. The defendants

do not dispute that section 17.10(h) renders section 17.10(g)

inseverable from the arbitration requirement in the Plan, and

indeed that is the best reading of that provision.

The parties also appear to agree that the Court, not the

arbitrator, should decide the issue of the "applicability and

enforceability" of section 17.10(g). The Plan Document expressly

provides that the applicability and enforceability of section

17.10(g) is beyond the scope of the arbitration. Plan Document

section 17.10(h). Thus, the Plan Document requires the Court to

decide the enforceability of the clauses.

## II.

The defendants argue that a participant in a defined contribution plan does not have the statutory right to seek plan-wide relief and is limited to relief for that participant's individual account. That argument is contrary to the text of ERISA as well as to well-established precedent.

ERISA § 409(a) provides that a fiduciary who breaches fiduciary duties "shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary." In other words, ERISA provides for restitution of the entire loss (or disgorgement of the entire gain) to the plan. See also LaRue v. DeWolff, Boberg & Assocs., Inc., 552 U.S. 248, 261 (2008) (Thomas, J., concurring in the judgment).

ERISA § 502(a)(2) in turn provides that "[a] civil action may be brought . . . by the Secretary, or by a participant, beneficiary, or fiduciary for appropriate relief under [§ 409]." The "appropriate relief under [§ 409]" includes restitution of the entirety of the loss to the plan. Thus, under the plain text of ERISA, a participant has the right to bring a civil action to obtain restitution of the entire loss to the plan.

6

That interpretation is confirmed by the structure of §
502(a). ERISA § 502(a)(1) authorizes suits by a "participant or
beneficiary" for individual relief including to recover benefits
due to the participant or beneficiary under the terms of the
plan. ERISA § 502(a)(2) by contrast authorizes suits by "the
Secretary, or by a participant, beneficiary or fiduciary for
appropriate relief" under § 409. And reparation of losses to the
plan was a core concern of the draftsmen of § 409. LaRue, 552
U.S. at 254; Mass. Mut. Life Ins. Co. v. Russell, 473 U.S. 134,
142 (1985).

The defendants rely on the Supreme Court's decisions in
Russell and LaRue to argue that the plaintiff cannot obtain
Plan-wide relief. In particular, they argue that LaRue stands
for the proposition that an individual participant in a defined
contribution plan can seek relief only for that individual's
personal losses, to that person's individual account. That is an
incorrect reading of LaRue.

Russell involved a defined benefit plan, meaning that it
had no individual accounts, and paid a fixed benefit. See LaRue,
552 U.S. at 255. The plaintiff was temporarily denied benefits
under her plan. Russell, 473 U.S. at 136. Suing under
§ 502(a)(2), the plaintiff sought consequential damages that had
arisen from the delay in paying her benefits. LaRue, 552 U.S. at
250. The Court denied her claim. Russell, 473 U.S. at 148. The

7

Court first emphasized that, under § 409(a), "the potential personal liability of the fiduciary is . . . 'to the plan.'" Id. at 140. The Court noted that the "draftsmen [of ERISA] were primarily concerned with the possible misuse of plan assets, and with the remedies that would protect the entire plan, rather than with the rights of an individual beneficiary." Id. at 142. And it concluded that "Congress did not intend that section to authorize any relief except for the plan itself." Id. at 144. Because the plaintiff's relief would accrue only to her, without any benefit to the plan, the Court found that she lacked a cause of action under § 502(a)(2). Id.

In LaRue, the plaintiff, a participant in a defined contribution plan, alleged that certain acts by the plan fiduciary had specifically depleted the plaintiff's own account within the plan. LaRue, 552 U.S. at 250-51.

Unlike in Russell, the Court found that the plaintiff did have a cause of action under § 502(a)(2):

> [A]lthough § 502(a)(2) does not provide a remedy for individual injuries distinct from plan injuries, that provision does authorize recovery for fiduciary breaches that impair the value of plan assets in a participant's individual account.

Id. at 256. LaRue reiterated the foundations of Russell: the language of § 409(a) emphasizes relief to the plan, and the legislative purpose was to prevent "misuse and mismanagement of plan assets by plan administrators." Id. at 254 (quoting

8

Russell, 473 U.S. at 140, 142). And the Court stressed that it drew no distinction between breaches that "diminishe[d] plan assets payable to all participants and beneficiaries, or only to persons tied to particular individual accounts." Id. at 256. Far from constraining relief under § 409(a) in a defined contribution plan, LaRue makes clear that relief is available wherever it would advance the protection of the entire plan.[2]

Consistent with this interpretation, courts, including the Court of Appeals for the Second Circuit, have granted plan-wide relief in the context of defined contribution plans such as the one at issue in this case. See, e.g., Browe v. CTC Corp., No. 19-677-cv, 2021 WL 4449878, at *14 (2d Cir. Sept. 29, 2021); Brundle ex rel. Constellis Emp. Stock Ownership Plan v. Wilmington Tr., N.A., 919 F.3d 763, 781 (4th Cir. 2019), as amended (Mar. 22, 2019); Perez v. Bruister, 823 F.3d 250, 258 (5th Cir. 2016).

---

[2] The defendants point to Justice Stevens's statement in LaRue that "the 'entire plan' language from Russell which appears nowhere in § 409 or § 502(a)(2) does not apply to defined contribution plans." LaRue, 552 U.S. at 256. However, that statement was made in the context of a paragraph that made it clear that fiduciaries had liability for losses in an individual account in a defined contribution plan. It did not imply that a participant who suffered losses in an account in a defined contribution plan could not seek plan-wide relief for the breach of fiduciary duties that brought about the loss to the individual account.

In short, the defendants' contention that ERISA does not confer a right to a plan-wide remedy for a participant in a defined contribution plan who claims that fiduciaries breached their duties to the plan is without merit.[3]

### III.

Despite the ERISA-conferred right to a plan-wide remedy, section 17.10(g) provides that the plaintiff cannot recover losses to the entire Plan. Section 17.10(g) purports to limit the available remedies that ERISA explicitly provides. This provision is invalid and unenforceable because it purports to limit the available remedies that ERISA explicitly provides.

The Supreme Court has stated that prospective waivers of statutory rights are impermissible. See, e.g., Am. Express Co. v. Italian Colors Rest., 570 U.S. 228, 236 (2013) (expressing a "willingness to invalidate . . . prospective waiver[s] of a party's right to pursue statutory remedies"); Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 637 n.19 (1985). The comments in Italian Colors and Mitsubishi were dicta because in neither case was the Court faced with a contractual provision that explicitly prevented the pursuit of a statutory

---

[3] The Court of Appeals for the Second Circuit has made it clear that a plan participant in a defined contribution plan who seeks to recover benefits for the plan must proceed in a representative capacity on behalf of the plan. See Coan v. Kaufmann, 457 F.3d 250, 261 (2d Cir. 2006). The plaintiff has done so here by bringing a purported class action.

10

remedy. The Supreme Court has, however, invalidated contractual provisions that purported to waive statutory rights. See, e.g., Alexander v. Gardner-Denver Co., 415 U.S. 36, 51 (1974) (holding that Title VII rights may not be prospectively waived).[4]

The Court of Appeals for the Seventh Circuit has explicitly held that a plaintiff's right to a plan-wide remedy under ERISA §§ 409(a) and 502(a)(2) cannot be prospectively waived. See Smith v. Bd. of Dirs. of Triad Manufs., Inc., 13 F.4th 613, 621 (7th Cir. 2021). That decision is persuasive.[5] Therefore, the provision in section 17.10(g) of the Plan that precludes an

---

[4] The plaintiffs also rely on Cooper v. Ruane Cunniff & Goldfarb Inc., 990 F.3d 173 (2d Cir. 2021). In Cooper, the Court of Appeals for the Second Circuit pointed out that, under Coan v. Kaufman, 457 F.3d 250 (2d Cir. 2006), a claim for recovery for a plan under ERISA §§ 502(a)(2) and 409(a) must be brought in a representative capacity. Cooper, 990 F.3d at 184. Because the agreement in that case prevented such collective actions, the agreement made it impossible to pursue remedies provided for by the statute. Id. The Court of Appeals found that arbitration should not be required. Id. at 185. However, this was an alternative holding, because the Court had already found that the agreement to arbitrate did not cover the dispute at issue. Id.

[5] In Dorman v. Charles Schwab Corp., 780 F. App'x 510 (9th Cir. 2019), the Court of Appeals for the Ninth Circuit held that a waiver of class arbitration was valid because LaRue "recognized that [§ 502(a)(2)] claims are inherently individualized when brought in the context of a defined contribution plan." Id. at 514. The Court of Appeals for the Seventh Circuit in Smith did not find this language controlling. Smith, 13 F.4th at 623. Smith is more persuasive than Dorman. Simply because a participant in a defined contribution plan may only be able to recover the losses in that participant's individual account does not mean that the participant cannot seek recovery for the total losses to be reimbursed to the plan as a whole, and there is nothing in LaRue that would prevent such recovery.

11

individual participant from seeking Plan-wide relief is invalid
because it seeks to waive prospectively the statutory remedies
in ERISA § 409(a) that a Plan participant is entitled to seek
under ERISA § 502(a)(2).

**IV.**

There is nothing in the Federal Arbitration Act, 9 U.S.C.
§§ 1 et seq., ("FAA") that suggests a different result. In Epic
Systems Corp. v. Lewis, 138 S. Ct. 1612 (2018), the Supreme
Court explained that courts should attempt to reconcile
provisions of the FAA with any apparently conflicting statutes.
Id. at 1619. Epic involved arbitration clauses that included
waivers of the right to proceed collectively in certain
arbitrations, which the employees argued conflicted with the
collective activities protected by the National Labor Relations
Act ("NLRA"). Id. at 1619-20. The Supreme Court noted that
Congress "specifically directed [courts] to respect and enforce
the parties' chosen arbitration procedures." Id. at 1621 (citing
FAA §§ 3-4). Indeed, FAA § 4 specifically protects the "manner"
of arbitration described in an arbitration agreement. Because
collective proceedings are a "manner" of arbitration, the waiver
of class or collective actions in an arbitration is a provision
pertaining to the manner of arbitration, and to fail to enforce
that waiver provision would be to disregard the FAA. Id. A very
compelling reason was needed to disregard a statute. Id. at

12

1624. An irreconcilable conflict with another statute might have provided such a reason, but faced with a potential conflict, the Court had a "duty" to "strive 'to give effect to both'" statutes. Id. at 1619, 1624 (citing Morton v. Mancari, 417 U.S. 535, 551 (1974)). Because the NLRA was susceptible to an interpretation that it did not protect the right to proceed collectively in an arbitration, and because that interpretation would remove any conflict with the FAA, the Court was obligated to adopt that interpretation. Id. at 1619.

In this case, there is in fact a clear statutory right for a participant to seek Plan-wide relief under §§ 409(a) and 502(a)(2), and there is no conflict with the FAA because there is no provision of the FAA that prevents a participant from seeking such remedies.

The FAA does not protect the remedies sought in arbitration. Unlike the clause at issue in Epic, section 17.10(g) is not a clause about the "manner" of arbitration, but a clause about the remedies available to a participant in an ERISA plan. There is nothing in the FAA that directs a Court to defer to the remedies provided in an arbitration agreement. See Smith, 13 F.4th at 622-23 ("[T]he conflict in need of harmonization is not between the FAA and ERISA; it is between ERISA and the plan's arbitration provision . . . ."). The defect in the parties' arbitration agreement in this case is not that

it does not provide for a collective or class action — an issue
of the manner of arbitration protected by the FAA — but that it
precludes a statutory remedy provided for by ERISA.

FAA § 2 expressly provides that an arbitration agreement is
not enforceable "upon such grounds as exist at law or in equity
for the revocation of any contract." A general principle of
contract law is that a clause is invalid if it is contrary to
law. Van Bergh v. Simons, 286 F.2d 325, 326 (2d Cir. 1961). In
this case, section 17.10(g) cannot be severed from the rest of
the arbitration procedure, because the parties so agreed in
section 17.10(h). And section 17.10(g) is clearly contrary to
law, because it attempts to limit remedies that ERISA expressly
provides. As such, a general principle of contract law
invalidates the arbitration provision, and the FAA authorizes
the Court to refuse to enforce it.

**V.**

While specific clauses of an arbitration agreement are
sometimes excised to allow an arbitration to proceed, the
parties in this case specifically provided that if the Court
found that the elimination of a Plan-wide remedy was unlawful,
then the entire arbitration provision should be stricken. Plan
Document section 17.10(h). Neither party contends that the
provision is severable. Such an agreement must be honored. See,
e.g., Smith, 13 F.4th at 623. Therefore, the arbitration

14

provision must be stricken and the request to compel arbitration must be denied.

### Conclusion

The Court has considered all of the arguments of the parties. To the extent not specifically addressed, the arguments are either moot or without merit. The plaintiff has the right under §§ 409(a) and 502(a)(2) to recover for the Plan as a whole. That right is not waivable. Section 17.10(g), which purports to waive that right, is therefore invalid. Under section 17.10(h), section 17.10(g) is inseverable from the Arbitration Procedure. Therefore, voiding section 17.10(g) voids the entire Arbitration Procedure. Accordingly, the motion to compel arbitration is **denied**. The Clerk is directed to close Docket Nos. 59, 67, and 69.

**SO ORDERED.**
**Dated:**    **New York, New York**
             **November 2, 2021**

                                          **John G. Koeltl**
                              **United States District Judge**

15

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

## CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

### <u>ADDENDUM "B"</u>

## <u>ISSUES ON APPEAL</u>

(1)    Whether an arbitration provision in a defined-contribution retirement plan is enforceable as to claims brought under ERISA section 502(a)(2), 29 U.S.C. § 1132(a)(2), where the participant's remedy, if any, is limited to the alleged losses to the participant's individual accounts and may not include additional benefits or monetary relief to other participants in or beneficiaries of the plan.  The provision at issue states, in part, that:

> If a Covered Claim is brought under ERISA section 502(a)(2) to seek relief under ERISA section 409, the Claimant's remedy, if any, shall be limited to (i) the alleged losses to the Claimant's Accounts resulting from the alleged breach of fiduciary duty, (ii) a pro-rated portion of any profits allegedly made by a fiduciary through the use of Plan assets where such pro-rated amount is intended to provide a remedy solely for the benefit of the Claimant's Accounts, or (iii) such other remedial or equitable relief as the arbitrator deems proper so long as such remedial or equitable relief does not include or result in the provision of additional benefits or monetary relief to any Employee, Participant, or Beneficiary other than Claimant, and is not binding on the Administrator or the Trustee with respect to any Employee, Participant or Beneficiary other than the Claimant.

Strategic ESOP Plan Document, § 17.10(g).

## <u>STANDARD OF REVIEW</u>

The Second Circuit reviews the district court's denial of a motion to compel arbitration *de novo*.  *Weiss v. Macy's retail Holdings, Inc.*, 741 F. App'x 24, 26 (2d Cir. 2018) ("We review de novo the denial of a motion to compel arbitration; the factual findings 'upon which that conclusion is based, however, are reviewed for clear error.'") (quoting *Meyer v. Uber Techs., Inc.*, 868 F.3d 66, 72-73 (2d Cir. 2017)).

**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

**CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)**

**ADDENDUM "C"**

**Attorneys for Appellants:**

*Attorneys for Defendants Ryan Sasson, Daniel Blumkin, Ian Behar, Duke Enterprises LLC, Twist Financial LLC, Blaise Investments LLC, and Strategic Financial Solutions, LLC*

MORGAN, LEWIS & BOCKIUS LLP
Jeremy P. Blumenfeld
Jared R. Killeen
Margaret M. McDowell
Antonia M. Moran
1701 Market Street
Philadelphia, PA 19103
Tel: 215.963.5000
Fax: 215.963.5001
jeremy.blumenfeld@morganlewis.com
jared.killeen@morganlewis.com
margaret.mcdowell@morganlewis.com
toni.moran@morganlewis.com

*Attorneys for Defendant Argent Trust Company*

GROOM LAW GROUP, CHARTERED
Michael J. Prame
Lars C. Golumbic
Sarah M. Adams
Paul J. Rinefierd
1701 Pennsylvania Avenue, NW
Washington, D.C. 20006
Tel: 202.861.6633
Fax: 202.659.4503
mprame@groom.com
lgolumbic@groom.com
sadams@groom.com
prinefierd@groom.com

**Attorneys for Appellee:**

BAILEY & GLASSER, LLP
Gregory Y. Porter
Ryan T. Jenny
1055 Thomas Jefferson Street NW Suite 540
Washington, DC 20007

Tel: 202.463.2101
Fax: 202.463.2103
gporter@baileyglasser.com
rjenny@baileyglasser.com

Laura Babiak
209 Capital Street
Charleston, WV 25314-2101
Tel: 304.421.2228
Fax: 304.342.1110
lbabiak@baileyglasser.com

Patrick Owen Muench
318 W. Adams Street Suite 1606
Chicago, IL 60606
Tel: 312.500.8680
Fax: 304.342.1110
pmuench@baileyglasser.com